NUMBERS 13-10-00008-CR


 13-10-00009-CR 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: CROS MEDRANO, JR.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion Per Curiam (1)



 Relator, Cros Medrano, Jr., filed a pro se petition for writ of mandamus in the
foregoing causes on January 8, 2010, seeking to compel the Honorable Sandra Watts,
Presiding Judge of the 117th District Court of Nueces County, to rule on relator's
unidentified motions addressing his jail time credit.

 It is the relator's burden to provide this Court with a sufficient petition and record to
establish his right to mandamus relief. See generally Tex. R. App. P. 52. Specifically, for
instance, the relator must file an appendix with the petition for writ of mandamus, and the
appendix must include, inter alia, a certified or sworn copy of any order complained of, or
any other document showing the matter complained of. See id. 52.3(k). The relator must
also file a record including a "certified or sworn copy of every document that is material to
the relator's claim for relief and that was filed in any underlying proceeding," and "a
properly authenticated transcript of any relevant testimony from any underlying proceeding,
including any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained." See id. 52.7(a). Further, relator must file a
certification with the petition for writ of mandamus stating that every factual statement in
the petition is supported by competent evidence included in the appendix or record. See
id. 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
appendix or record." See id. 52.3(h).

 In the instant case, relator has failed to meet these requirements and has thus failed
to provide this Court with a petition and record sufficient to establish his right to mandamus
relief. Specifically, relator contends that the respondent has failed to act on "two motions,"
however, relator has neither included these documents in the appendix or record, nor has
he included documentation showing that the motions have been provided to the
respondent for her consideration. 

 Accordingly, the petition for writ of mandamus in these causes is DENIED. See Tex.
R. App. P. 52.8(a). 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).

Delivered and filed

this 12th day of January, 2010.

 

 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).